UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL C. SULLIVAN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FOREST SERVICE, *et al.* <br><br> Defendants. | ) <br> ) <br> ) 2:16-CV-00273-JRG-MCLC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 2] and all issues connected thereto.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85(1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins, supra*. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of

litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application indicates that Plaintiff owns real estate valued at $149,000.00 and a 1998 Ford Explorer. It also indicates that he receives a monthly pension in the amount of $1,072.00 per month. In his complaint, Plaintiff describes himself as "a man of many labor trades and assorted businesses, being an educated and experienced physical and financial security specialist. Plaintiff is an Air Force, Marine, Army veteran, who is currently the CEO of Angel Hill Corporation, with diversified home improvement ventures and online educational website (http://angelhill.us)." [Doc. 1, pg. 2]. Based on Plaintiff's short-form affidavit, the Court finds that Plaintiff has sufficient funds to afford payment of the costs, and accordingly, RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] be DENIED.[1]

SO ORDERED:

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).